1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 DON MAJORS,

8                              Plaintiff,

9      v.

10 UNITED STATES,

11                              Defendant.

NO. 2:17-CV-0273-TOR

ORDER DISMISSING FOURTH
COMPLAINT

12

13      BEFORE THE COURT is Plaintiff's Fourth Complaint. ECF No. 15. The

14 Court has reviewed the record and files herein, and is fully informed. For the

15 reasons discussed below, all claims asserted in Plaintiff's Fourth Complaint (ECF

16 No. 15) are **DISMISSED without prejudice**.

17                              **BACKGROUND**

18      Plaintiff Don Majors, proceeding *pro se* and *in forma pauperis*, brings suit

19 against the United States under the Federal Torts Claims Act, 28 U.S.C. § 2671, *et*

20 *seq.* ECF Nos. 3; 4; 5; 9; 13; 15. After reviewing the Fourth Complaint in the

ORDER DISMISSING FOURTH COMPLAINT ~ 1

light most favorable to Plaintiff, the Court finds that he has failed to state facts

which "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).

## PLAINTIFF'S ALLEGATIONS

The facts according to Plaintiff's Fourth Complaint are as follows. Plaintiff,

a qualifying veteran with service-connected disabilities, was diagnosed with a

condition at the Seattle Department of Veteran Affairs ("VA"). [1] ECF No. 15 at

11, ¶¶ 3, 7. At some point thereafter, Plaintiff moved to Spokane and sought

medical care at the Spokane VA. *Id*. at 11, ¶ 7. Plaintiff alleges that he was

refused care for the diagnosed condition at the Spokane VA due to "administrative

negligence in the continuity of care." *Id*.

According to Plaintiff, he was first denied care at the Spokane VA by Tom

Collins, who allegedly relied on records that contained a false statement. *Id*. at 11,

¶ 8. Plaintiff was then refused treatment by Jere Renner, who claimed certain

records were not available, which Plaintiff asserts is a lie. *Id*. at 11-12, ¶ 9.

Plaintiff sought care from Renner on three separate occasions, and was denied care

each time. *Id*. at 12, ¶ 12. Plaintiff claims that he finally received care for the

---

[1] Plaintiff alleged in his original Complaint that he was diagnosed with

chronic diarrhea. ECF No. 5-1 at 2-3.

1  diagnosed condition from another doctor at the Spokane VA, but only after he was

2  resuscitated in the emergency room at a non-VA hospital on October 28, 2014. *Id*.

3  at 12, ¶ 12; 16, ¶ 27.

4        Plaintiff asserts that he was also placed on a waiting list multiple times,

5  which he claims was in retaliation for complaining about his denial of care and "as

6  part of a nationwide scheme denying care and rights of veterans." *Id*. at 12, ¶ 13;

7  13, ¶ 17. Plaintiff alleges that the VA was grossly negligent in placing him, as a

8  vulnerable adult, and other veterans on waiting lists despite knowing of the "many

9  deaths having arisen through denial of care by putting people on waiting lists" and

10  despite the fact that "[t]he practice was ordered to be stopped by the government."

11  *Id*. at 24, ¶ 52. Plaintiff insists that that the VA lied to Congress regarding the

12  "unlawful loss of right to life of hundreds of thousands of veterans resulting in the

13  death of more than 307,000." *Id.* at 23, ¶ 49.

14        Plaintiff sent complaints regarding his denial of care to the Spokane VA

15  administration, Veterans Affairs Office of Inspector General, VISN 20 Regional

16  Office, FBI, and his congressional representatives. *Id*. at 13, ¶ 14. Plaintiff insists

17  that these complaints only resulted in "armed threat to drop the matter[,] non-

18  investigation, lies to congressional inquiry" and "threats, retaliation, and complete

19  negligence in resolving any of [Plaintiff's] complaints." *Id.* at 13, ¶¶ 14, 15. In

20  regards to the congressional inquiry, Plaintiff received a response that the "care is

consistent with medical needs," which he argues is a factual impossibility and an act of extreme negligence. *Id.* at 13, ¶ 14.

In retaliation for his complaints, Plaintiff alleges that Chief of Police Alex Benninghoven and administrator Alan McArthur "took it upon themselves to make threats to the plaintiff and a witness to the denial of rights which had occurred with Renner." *Id.* at 13-14, ¶ 18. Chief Benninghoven allegedly threatened Plaintiff to drop his complaint against Collins and Renner "with [his] hand on his weapon." *Id.* at 14, ¶ 21. Chief Benninghoven stated, "[D]o you have anything you want to add?" *Id.* at 15, ¶ 22. McArthur replied, "I am going to return you to care this time, but, if you cross me you will see my dark side; you don't want to see my dark side." *Id.* Plaintiff states that this deliberate armed threat was "not only negligence but criminal" and "was especially heinous as it negligently inflicted severe lasting and ongoing infliction of severe emotional duress upon the plaintiff." *Id*. at 14-15, ¶¶ 19, 21. Plaintiff reported the conduct to all police authority as well as Adult Protective Services, which only resulted in further unspecified retaliation. *Id.* Plaintiff informed the VA, but states that Chief Benninghoven was allowed to retire and McArthur still remains employed by the VA. *Id.* at 15, ¶ 23.

As noted, Plaintiff asserts that he did not receive care from the Spokane VA until after he was resuscitated at a non-VA hospital on October 28, 2014. *Id.* at 16,

¶ 27. During the first week of November 2014, Plaintiff contends that he was able to begin some form of treatment for the diagnosed condition at the Spokane VA. *Id.* at 17, ¶ 29. Plaintiff's primary care provider, Maria Cuienco, allegedly agreed that the cause of his resuscitation was loss of potassium due to the diagnosed condition that was not treated by the VA. *Id.* at 19, ¶ 37. Plaintiff alleges that the VA continues to inflict emotional duress and will not admit its error. *Id*. at 19-20, ¶ 41.

On October 21, 2016, Plaintiff filed an administrative claim with the VA under the Federal Tort Claims Act. ECF No. 5-2 at 1. The VA denied Plaintiff's administrative claim on February 13, 2017. ECF No. 5-2 at 1. According to the denial letter, the VA understood Plaintiff's claim to be an allegation of medical negligence, specifically, that the VA's failure to treat his diagnosed condition "resulted in a heart attack in October of 2014." *Id*. Based on a review of Plaintiff's medical records, a review of his claim by a medical reviewer, and interviews of medical personnel, the VA concluded that "there was no negligence or wrongful act on the part of an employee of the [VA] acting within the scope of employment that caused you compensable harm." *Id*.

Following the VA's denial of his administrative claim, Plaintiff, acting *pro se*, filed this suit on August 11, 2017. *See* ECF Nos. 5, 9, 13, 15. Plaintiff requests "tort damages for serious injury" and "protective orders, where there was

ORDER DISMISSING FOURTH COMPLAINT ~ 5

negligence against life and inalienable rights exist." ECF No. 15 at 30, ¶¶ 1-2. The Court liberally construes Plaintiff's Fourth Complaint to allege tort claims under the FTCA and a request for protective orders.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen a complaint filed by a party seeking to proceed *in forma pauperis*. 28 U.S.C. § 1915(e); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (noting that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Accordingly, "[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Id*. "In making this determination,

the Court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff." *Id.* Mere legal conclusions, however, "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The Court construes a *pro se* plaintiff's pleadings liberally, affording the plaintiff the benefit of any doubt. *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quotations and citation omitted).

## A. Federal Tort Claims Act

"As sovereign, the United States can be sued only to the extent that it has waived its immunity from suit." *O'Toole v. United States*, 295 F.3d 1029, 1033 (9th Cir. 2002) (quotations and citation omitted). The FTCA waives the United States' immunity and provides governmental liability for "tort claims . . . in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674; *see* 28 U.S.C. § 1346(b)(1) (stating the United States can be held liable "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."). The federal district courts are granted exclusive jurisdiction for such claims where

the government "would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). As such, the federal government assumes liability for, and the Court has jurisdiction over, "wrongs that would be actionable in tort if committed by a private party under analogous circumstances, under the law of the state where the act or omission occurred." *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Here, Plaintiff asserts that the action arises under the FTCA and that he has exhausted his administrative requirements pursuant to this Act. ECF No. 15 at 1-2. Plaintiff alleges that the VA and its employees were negligent in refusing to provide him care, placing him on a waitlist, and in failing to adequately investigate or respond to his tort claim. *Id*. at 5. Plaintiff claims he suffered near death, resuscitation to prevent death, physical injury, severe enduring emotional trauma, loss of longevity of life, injury to the quality of life, and negligent infliction of emotional duress, as a result of Defendant's negligence. *Id.* at 30. Plaintiff also alleges that Defendant's failure to investigate his administrative tort claim is a criminal act, conspiracy, and obstruction. *Id.* at 8-9. Plaintiff insists that lying to Congress was also obstruction. *Id.* at 5. Finally, Plaintiff asserts that Defendant's negligent denial of care violated his constitutional right to life and due process under the Fifth and Fourteenth Amendment. *Id*. at 11, ¶ 3.

However, "the United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). Nor, has Congress waived the United States' sovereign immunity for intentional torts, 28 U.S.C. § 2680(h)[2]; *see also United States v. Shearer*, 473 U.S. 52, 54 (1985), except for claims arising out of the furnishing of medical care and treatment by a health care employee of the Veterans Administration, 38 U.S.C. § 7316(f). Moreover, Plaintiff cannot initiate criminal charges, such as for conspiracy and obstruction of justice, only the government may prosecute crimes. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Criminal actions in district court must be brought by the United States Attorney. 28 U.S.C. § 547(1); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and

---

[2]    28 U.S.C. § 2680(h) excepts from liability "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution."

what charge to file or bring before a grand jury are decisions that generally rest in

the prosecutor's discretion.").

Under Washington law, a plaintiff alleging a claim of negligence bears the

burden of showing duty, a breach of that duty, and injury. *Miller v. Jacoby*, 145

Wash.2d 65, 74 (2001). The plaintiff must produce evidence that the defendant

breached its duty of care to the plaintiff and that such breach was the proximate

cause of the plaintiff's injury. *Id.*

Here, the Court finds that Plaintiff fails to plead sufficient facts to state a

claim for negligence. Plaintiff asserts that Defendant has an affirmative duty to

protect him from harm based on their preexisting relationship and Plaintiff's

vulnerability as a severely disabled adult. ECF No. 15 at 7, 9. Plaintiff then

concludes that "[i]t is extremely negligent to deny care to the plaintiff knowing he

had medical needs or is a vulnerable adult." ECF 15 at 23, ¶ 51. Plaintiff alleges

that Defendant could "foresee that both denial of care for a diagnosed condition

and waiting lists for any veteran seeking care and non-resolution upon complaint

of such would result in harm of death." *Id.* at 8, ¶ ix. According to Plaintiff,

Defendant's negligence resulted in his subsequent resuscitation at the non-VA

hospital and armed threats, causing him physical injury and severe emotional

duress. *Id.* at 12-14.

//

While Plaintiff asserts various allegations against the VA and its employees, he fails to provide sufficient facts to state a plausible tort claim for relief. Plaintiff fails to offer any evidence that a reasonable physician faced with Plaintiff's diagnosed condition and symptoms should have determined, pursuant to the standard of care, that Plaintiff required insulin, or some other type of medical care, to treat his condition. Plaintiff asserts that "in 2004, there was >236,000 deaths in the United States with a digestive disease as the underlying cause which represented 9.8% of all deaths" and this is "factual knowledge that anyone with any medical competency knew or should have known." *Id*. at 17 ¶ 32. It is not clear how this statistic applies to Plaintiff's individual case; duty, breach, and the proximate cause of his damages. Plaintiff also states that an unnamed cardiologist "in ICU stated that the cause of the heart situation was specifically due to loss of electrolytes and that such loss was a direct result of the untreated condition." *Id*. at 17, ¶ 30. He claims that his primary care provider, Maria Cuienco, stated that a lack of potassium due to his diagnosed condition resulted in his hospitalization. *Id*. at 19, ¶ 37. Plaintiff concludes that "[t]o know a patient has the condition, whom has complained about care" and to deny treatment "is profoundly negligent and careless disregard of known medical facts concerning a known and deadly condition." *Id*. at 17, ¶ 32.

1    Aside from these conclusory allegations, Plaintiff fails to allege sufficient

2    facts to support a cause of action that the VA's physicians should have determined

3    that Plaintiff required treatment for his diagnosed condition when he sought

4    medical care at the Spokane VA.  Moreover, there are no plausible facts or

5    evidence showing that Plaintiff's alleged denial of care resulted in his heart attack.

6    While he asserts that a lack of potassium due to his diagnosed condition caused his

7    heart attack, he does not provide plausible facts that the VA refused to adequately

8    treat his condition or should have treated him with insulin, as he complains.

9    Plaintiff contends that his medical records contained fraudulent information,

10   preventing the VA doctors from providing adequate care, but the mere allegation

11   that there was a false DUI in his medical records is insufficient to establish a tort or

12   causation in Washington.  *Id*. at 11-12, ¶ 9.

13       In short, Plaintiff does not show that Defendant breached its duty of care and

14   that this breach caused Plaintiff's need to be resuscitated.  A mere recitation of

15   Defendant's duty of care and the injury received is not sufficient to establish a

16   plausible duty, breach, and proximate causation to support a medical negligence

17   cause of action.  Plaintiff's unadorned allegation that his allegedly untreated

18   condition caused his need to be resuscitated is insufficient to state a plausible claim

19   for negligence.

20

Plaintiff suggest the doctrine of *res ipsa loquitur* applies to this case.  ECF

No. 15 at 6.  In Washington, the doctrine of *res ipsa loquitur* is applicable only

when the evidence shows:

> (1) the accident or occurrence producing the injury is of a kind which ordinarily does not happen in the absence of someone's negligence, (2) the injuries are caused by an agency or instrumentality within the exclusive control of the defendant, and (3) the injury-causing accident or occurrence is not due to any voluntary action or contribution on the part of the plaintiff.

*Pacheco v. Ames*, 149 Wash. 2d 431, 436 (2003) (quotation and citation omitted).

The conduct for which Plaintiff complains is not susceptible to a *res ipsa loquitur*

analysis.

Likewise, Plaintiff suggests Defendant is liable under a theory of

"negligence per se."  ECF No. 15 at 6.  Under negligence per se in Washington, it

is necessary for Plaintiff to prove:

> "(1) the existence of an ordinance, (2) its violation, (3) that such violation was the proximate cause of [his] injury, and (4) that [he] was within the class of people that the ordinance sought to protect."

*Short v. Hoge*, 58 Wash. 2d 50, 54 (1961) (citation omitted).  Plaintiff does not

identify any Washington State statute, ordinance or regulation that was violated.  A

violation of federal law does not support a negligence per se claim because the

Federal Tort Claims Act only waives sovereign immunity for "wrongs that would

be actionable in tort if committed by a private party under analogous

circumstances, under the law of the state where the act or omission occurred." *See*

*United Scottish Ins. Co. v. United States*, 614 F.2d 188, 192-94 (9th Cir. 1979) (a

federal statutory duty does not automatically give rise to a duty of care to which a

state's negligence per se doctrine would be applied).

Accordingly, the Court finds that Plaintiff once again fails to state a

plausible claim for negligence, whether administrative or medical, and this claim is

dismissed without prejudice.

The Court finds that Plaintiff's allegations regarding Defendant's practice of

using waiting lists also fail to establish a plausible claim for relief. Plaintiff asserts

that Defendant placed him on multiple waiting lists, "depriving [Plaintiff] of his

rights to care and negligently endangering his life." *Id*. at 12, ¶ 13. He also alleges

that waiting lists are used to prevent veterans from access to care, allegedly

resulting in the death of thousands of veterans. *Id*. Plaintiff alleges that Defendant

was negligent in placing "a known vulnerable adult on a waiting list," but he fails

to show how his placement on any waiting list negligently endangered his life.

The Court remains unpersuaded by Plaintiff's arguments regarding other veterans,

as only Plaintiff's alleged injury is relevant to this action.

Plaintiff's allegations of criminal conduct — obstruction of justice,

conspiracy, non-investigation, lies to congressional inquiry, and other acts — do

not provide a basis for this Court's jurisdiction. These assumptions and

conclusions without any factual detail are insufficient to state a plausible civil claim for relief and the Court does not have jurisdiction over any of Plaintiff's criminal claims for relief.

Finally, the Federal Tort Claims Act does not waive the United States' immunity for alleged constitutional claims that the conduct deprived him of his right to life under the Fifth and Fourteenth Amendments. Without jurisdiction to proceed with these constitutional claims, they are dismissed.

The Court declines to grant the requested protective orders, as there is no jurisdiction for such claims and no evidence that any harm against Plaintiff is likely to reoccur because he is now receiving treatment for his diagnosed condition. ECF No. 15 at 15, ¶ 25.

**OPPORTUNITY TO AMEND**

Unless it is absolutely clear that amendment would be futile, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded by statute*, 28 U.S.C. § 1915(e)(2), *as recognized in Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). This is Plaintiff's Fourth Complaint. In dismissing Plaintiff's three previous complaints, the Court identified the deficiencies in each complaint and granted Plaintiff leave to amend each complaint accordingly. At this time, the Court finds that it is absolutely clear that no amendment will cure the deficiencies

in Plaintiff's tort claims.  Therefore, the Court dismisses Plaintiff's Fourth

Complaint without prejudice.

## REVOCATION OF IN FORMA PAUPERIS STATUS

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken *in forma*

*pauperis* if the trial court certifies in writing that it is not taken in good faith."  The

good faith standard is an objective one, and good faith is demonstrated when an

individual "seeks appellate review of any issue not frivolous."  *See Coppedge v.*

*United States*, 369 U.S. 438, 445 (1962).  For purposes of 28 U.S.C. § 1915, an

appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319, 325 (1989).

The Court finds that any appeal of this Order would not be taken in good

faith and would lack any arguable basis in law or fact.  Accordingly, the Court

hereby revokes Plaintiff's *in forma pauperis* status.

If Plaintiff seeks to pursue this matter again in the district court or on appeal,

he must pay the requisite filing fee.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The claims asserted in Plaintiff's Fourth Complaint (ECF No. 15) are

   **DISMISSED without prejudice** and without right to amend herein.

2. Plaintiff's *in forma pauperis* status is hereby **REVOKED**.

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

The District Court Executive is directed to enter this Order and Judgment accordingly, forward copies to Plaintiff, and **CLOSE** the file.

**DATED** October 30, 2018.



THOMAS O. RICE
Chief United States District Judge